JOHN C. KIRKE, #175055
jkirke@donahue.com
ANDREW S. MACKAY, #197074
amackay@donahue.com
DONAHUE FITZGERALD LLP
Attorneys at Law
1999 Harrison Street, 26th Floor
Oakland, California 94612-3520
Telephone:   (510) 451-3300
Facsimile:   (510) 451-1527

Attorneys for Plaintiff
8 VINI INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 8 VINI INC., a California corporation,<br><br>                    Plaintiff,<br><br>     v.<br><br>DSV AIR & SEA INC., a New Jersey corporation,<br><br>                    Defendant. | Case No. 3:20-cv-09309-JCS<br><br>**AMENDED COMPLAINT FOR:**<br><br>1. **Declaratory Relief**<br>2. **Breach of Contract**<br>3. **Breach of Fiduciary Duties**<br>4. **Negligent Misrepresentation**<br>5. **Unfair Business Practices**<br>6. **Negligence**<br><br>**28 U.S.C. § 1332 (Diversity of Citizenship)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff 8 Vini Inc. ("8 Vini"), hereby complains and alleges against Defendant DSV Air & Sea Inc. ("Defendant") as follows:

**INTRODUCTION**

1. In this case 8 Vini, a wine importer, seeks to hold Defendant, a customs broker, accountable for its continuing breaches of its contractual and fiduciary obligations after Defendant substantially underpaid customs, duties and other charges owing to the United States government.

2. Despite its clear obligations, Defendant has failed to acknowledge its wrongdoing and its ongoing wrongful conduct is adversely impacting 8 Vini's business and in short order will have a further devastating impact on 8 Vini and its customers.

**PARTIES**

3. Plaintiff 8 Vini is and at all times mentioned herein was a California corporation with its principal place of business at 1250 Business Center Drive, San Leandro, California.

4. On information and belief, Defendant DSV is and at all times mentioned herein was a Delaware corporation with its principal place of business in New Jersey.

**JURISDICTION AND VENUE**

5. This is a diversity action between corporations of different states and the amount in controversy without interest and costs exceeds the amount specified by 28 U.S.C. § 1332. This Court therefore has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6. This Court has personal jurisdiction over Defendant because Defendant has engaged in business and entered into contracts in this district, directed business activities in this district, committed the breaches and tortious acts complained of herein in this district and committed such breaches and tortious acts with the knowledge that its actions would be felt by 8 Vini in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions occurred in this district and a substantial part of the property that is the subject of this action is located in this district.

**INTRADISTRICT ASSIGNMENT**

8.  Pursuant to Local Rule 3-2(d), because it arises in Alameda County where 8 Vini resides and because a substantial part of the subject property is located in Alameda County, this action should be assigned to the Oakland or San Francisco Division.

**FACTUAL ALLEGATIONS**

9.  Plaintiff 8 Vini directly imports wines from countries such as Italy, France and Spain and then causes the wines to be placed in stores such as Trader Joe's, Grocery Outlet and BevMo. The importation of wine is a capital-intensive business because 8 Vini often is required to make substantial payments to its suppliers for large wine orders and must make those payments before 8 Vini's customers pay 8 Vini and also must insure its large shipments of wine. 8 Vini and other wine importers rely heavily on credit, and maintaining its credit and credit rating is a critical part of 8 Vini's business.

10. As part of the process of importing wines, shipments directed to 8 Vini need to be cleared through customs. To assist in this process, 8 Vini contracts for services from a customs broker, such as Defendant. In exchange for brokerage fee payments from importers, a customs broker agrees to act as the importers' agent and fiduciary by clearing the imported products through customs and paying all duties and taxes owed to governmental agencies and complying with all regulations. A customs broker then invoices the importers for taxes, duties, other charges and its brokerage fees.

11. A customs broker also arranges for importers to obtain reduced tax rates and/or tax credits on the import of certain goods. 8 Vini has been eligible for reduced tax rates and/or credits pursuant to the Craft Beverage Modernization and Tax Reform Act ("CBMA"). Defendant agreed to make sure that 8 Vini received the reduced tax rates and/or credits under the CBMA to which 8 Vini was entitled. As a licensed customs broker, Defendant had a duty imposed by 19 U.S.C. Sectoin 1641(b)(4), and by 19 CFR Section 111.11 to exercise responsible supervision and control over the customs business that it conducts.

12. Prior to entering into agreements with suppliers in foreign countries and before it purchases wine, 8 Vini obtains pricing information from its customs broker regarding the taxes,

1  duties and other charges to be paid and the broker's fee. 8 Vini relies on that information in
2  purchasing wine and quoting prices on the imported wines to the stores. These calculations are
3  critical in making sure that 8 Vini turns a profit on its sales to customers and does not import wine
4  at a loss.

5  13.  On several occasions going as far back as April 2019, Defendant agreed to be 8 Vini's customs broker with respect to imports of wine shipments. In exchange for payments of its brokerage fees, Defendant agreed to be 8 Vini's agent and fiduciary and clear imported wines through customs, determine and arrange for the correct rates and charges, including the applicability of CBMA credits, and pay the correct amounts owing in customs duties, taxes and other charges. In order to assist in the performance of its duties, Defendant obtained a Power of Attorney from 8 Vini.

14.  Defendant's representatives quoted the amounts that 8 Vini would be required to pay in customs duties, taxes and other charges and Defendant's brokerage fees. Although 8 Vini repeatedly told Defendant that it was importing sparkling wine with respect to a number of shipments, Defendant quoted rates on still wine. The rates are dramatically different, with the charges to import sparkling wine being substantially higher. Defendant also failed to obtain the CMBA credits for which 8 Vini was eligible.

15.  8 Vini relied on the information provided by Defendant in calculating its margins and profits and purchasing wine from its suppliers and quoting prices to and establishing contracts with stores for the purchases of wine being imported by 8 Vini.

16.  The information provided by Defendant and relied on by 8 Vini was false. In fact, Defendant substantially underpaid the amount of taxes, duties and other charges actually owing with respect to the imported sparkling wine. This was due in large part to Defendant paying rates for still wine even though 8 Vini repeatedly had told Defendant that the wine being imported was sparkling wine. Defendant also did not obtain CBMA credits for 8 Vini.

17.  8 Vini learned that the representations were false starting in November 2020 when it began receiving invoices and audit notices from governmental agencies, including the Department of Treasury Alcohol and Tobacco Tax and Trade Bureau ("TTB"), demanding

-3-

payment of the correct amounts owed plus interest and compliance with an audit.

18. 8 Vini immediately alerted Defendant of the notices and Defendant's multiple errors in its calculations and underpayments of taxes, duties and other charges owed. 8 Vini has demanded that Defendant immediately fulfill its fiduciary duties and contractual obligations and fix its mistakes. Defendant has failed to do so. 8 Vini also has told Defendant that it did not obtain CBMA credits for 8 Vini.

19. As a result of Defendant's failures, 8 Vini has sold imported wines at a loss or for no or less profit to stores because 8 Vini under-quoted its prices based on the incorrect information provided by Defendant. 8 Vini now owes taxes, duties, accruing interest and possibly penalties to the TTB. 8 Vini also paid too much in taxes on other transactions because Defendant did not obtain CBMA credits.

20. 8 Vini also now has been identified and flagged by United States Customs and Border Patrol and the TTB for failing to pay taxes and duties owed. Creditors already have become aware of 8 Vini's perceived deficiencies and accordingly have begun downgrading 8 Vini's credit, at considerable cost and risk to 8 Vini. For example, one of 8 Vini's insurers for the first time required 8 Vini to post a bond before agreeing to insure shipments that 8 Vini was importing. 8 Vini also runs the risk of its shipments being held up by Customs because of amounts owing. Without access to credit and the ability to timely process its shipments through customs, 8 Vini's business will be destroyed.

21. 8 Vini has informed Defendant of its ongoing damages and losses and the considerable risk to its business, but Defendant has failed to acknowledge its duties and to act to fix its mistakes and protect 8 Vini.

## **FIRST CLAIM FOR RELIEF**

### **Declaratory Relief**

22. 8 Vini incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though set forth fully herein.

23. Defendant contracted with 8 Vini to act as its agent and fiduciary and clear 8 Vini's shipments through Customs and pay all taxes, duties and other charges and comply with all regulations.

24. An actual and justiciable controversy now exists between 8 Vini and Defendant regarding their respective rights, obligations, and interests. Defendant disputes the above-described contentions and contends that it is not responsible for its failure to comply with its contractual obligations and its fiduciary duties.

25. Accordingly, 8 Vini seeks an adjudication of the rights and duties of 8 Vini and Defendant with respect to each other, including adjudication as to Defendant's contractual and fiduciary duties. A judicial declaration is necessary and appropriate at this time and under the circumstances in order for 8 Vini to ascertain the rights and duties between itself and Defendant. Such declaratory relief would inform the parties' future conduct by addressing any uncertainties about what obligations and duties are owed.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SECOND CLAIM FOR RELIEF

### Breach of Contract

26. 8 Vini incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though set forth fully herein.

27. 8 Vini and Defendant entered into contracts pursuant to which Defendant agreed to act as 8 Vini's agent and fiduciary by clearing the imported products through customs, ascertaining the correct amounts due including appropriate credits and reductions under the CBMA, and paying all duties and taxes owed to governmental agencies and complying with all regulations.

28. Defendant has breached its contractual obligations as alleged above.

29. 8 Vini has fully performed all obligations owed by it to Defendant under the contracts.

30. As a result of Defendant's breaches, 8 Vini has suffered damages in an amount in excess of the amount specified by 28 U.S.C. § 1332, plus applicable interest and costs.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## THIRD CLAIM FOR RELIEF

### Breach of Fiduciary Duty

31. 8 Vini incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though set forth fully herein.

32. As 8 Vini's customs broker and having obtained a Power of Attorney from 8 Vini, Defendant owes 8 Vini the fiduciary duties of loyalty and due care and to give as much consideration to 8 Vini's interests as it gives to its own.

33. As 8 Vini's customs broker, Defendant owes 8 Vini a fiduciary duty to exercise responsible supervision and control over the customs business it conducted for 8 Vini.

34. As 8 Vini's customs broker, Defendant owes 8 Vini a fiduciary duty to exercise due diligence to ascertain the correctness of any information imparted to 8 Vini and to not knowingly impart false information to 8 Vini relative to any customs business.

35. As 8 Vini's customs broker, Defendant owes 8 Vini a fiduciary duty to advise 8 Vini if 8 Vini has failed to comply with the law, or has made an error or omission in any document, affidavit, or other paper which the law requires 8 Vini to execute.

36. Defendant has breached those fiduciary duties by engaging in the conduct alleged above including, but not limited to, failing to pay all taxes, duties and other charges owed to governmental agencies; failing to obtain tax credits and/or reduced tax rates under the CBMA; providing 8 Vini with incorrect information regarding amounts owed, knowing that 8 Vini relies on such information in conducting business and entering into other contracts; and failing to acknowledge its obligations and correct its mistakes, despite knowing the adverse impact this has on 8 Vini's credit, future transactions and ability to conduct business.

37. As a proximate result of Defendant's violations of its fiduciary duties, 8 Vini has suffered damages well in excess of the amount specified by 28 U.S.C. § 1332.

38. Defendant's aforementioned acts, done by and through its representatives, constitute oppressive, malicious and oppressive conduct, thereby justifying an award of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FOURTH CLAIM FOR RELIEF

### Negligent Misrepresentation

39. 8 Vini incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though set forth fully herein.

40. Beginning in April 2019, Defendant made repeated representations to 8 Vini's representative Veronica Murillo regarding the amounts that 8 Vini was legally required to pay in taxes, duties, other charges and brokerage fees in connection with the importation of millions of dollars in wine shipments.

41. 8 Vini relied to its detriment on Defendant's representations and based on those representations subsequently entered into contracts with suppliers who sold wine to 8 Vini and stores to purchase the imported wine.

42. Defendant's representations were false and Defendant had no reasonable basis for believing that its representations were true.

43. As a proximate result of Defendant's violations of its fiduciary duties, 8 Vini has suffered damages well in excess of the amount specified by 28 U.S.C. § 1332.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FIFTH CLAIM FOR RELIEF

### Unfair Business Practices

44. 8 Vini incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though set forth fully herein.

45. Defendant's wrongful actions including, but not limited to, breaching its contractual and fiduciary obligations to 8 Vini, and failing to assume its obligations and correct the mistakes it has made are unlawful, fraudulent and unfair business acts and practices within the meaning of California Business and Professions Code Section 17200, et seq. Without injunctive relief, 8 Vini has no means to prevent Defendant from continuing to harm 8 Vini.

46. As a result of the misconduct set forth herein, 8 Vini has been and will continue to suffer injury to its business and is entitled to recover all amounts by which Defendant has been

unjustly enriched from its unlawful and unfair business practices and acts of unfair competition.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SIXTH CLAIM FOR RELIEF

### Negligence

47. 8 Vini incorporates by reference each of the allegations in the preceding paragraphs of this Complaint as though set forth fully herein.

48. As a licensed customs broker, Defendant had a duty imposed by 19 USC 1641(b)(4), and by 19 CFR 111.11 to exercise responsible supervision and control over the customs business that it conducts.

49. As a licensed customs broker, Defendant had a duty to exercise due diligence to ascertain the correctness of any information imparted to a client, such as 8 Vini,

50. As a licensed customs broker, Defendant had a duty to promptly advise a client, such as 8 Vini, of any non-compliance with the law or of any errors or omissions with respect to any document, affidavit or other paper that the law requires the client to execute.

51. Defendant negligently breached its duty to 8 Vini by failing to exercise due care in the fulfillment of its duties as a customs broker for 8 Vini, including but not limited to, 1) failing to exercise responsible supervision and control over the customs business Defendant conducted for 8 Vini by failing to provide 8 Vini with correct information concerning customs duties, taxes and other charges owed, by failing to obtain the CBMA credits for which 8 Vini was eligible; failing to pay all taxes, duties and other charges owed to governmental agencies; and by failing to promptly acknowledge and correct its errors; 2) failing to exercise due diligence to ascertain the correctness of information given to 8 Vini concerning customs duties, taxes, and other charges, and regarding the CBMA credits for which 8 Vini was eligible; and 3) on information and belief, by failing to advise 8 Vini of legal non-compliance, or errors or omissions in documents the law required 8 Vini to execute.

52. As a result of Defendant's breach of its duties to 8 Vini, 8 Vini has been and will continue to suffer injury to its business as set forth above, well in excess of the amount specified by 28 U.S.C. § 1332.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff 8 Vini, Inc. respectfully prays for the following relief:

1. For entry of judgment in favor of Plaintiff 8 Vini, Inc. and against Defendant on each of Plaintiff 8 Vini, Inc.'s claims for relief alleged in this Complaint;

2. For a declaration of the parties' rights, duties and obligations;

3. For damages and interest according to proof;

4. For punitive and exemplary damages;

5. For injunctive relief;

6. For disgorgement and restitution;

7. For costs of suit; and

8. For such other relief as this Court finds just and proper.

Dated: January 20, 2021            DONAHUE FITZGERALD LLP


By: /s/ John C. Kirke
    John C. Kirke
    Attorney for Plaintiff
    8 VINI, INC.

## **JURY DEMAND**

Pursuant to Civ. L.R. 3-6 and Fed. R. Civ. Proc. 38, Plaintiff 8 Vini, Inc. hereby demands a trial by a jury on all issues herein so triable.

Dated: January 20, 2021            DONAHUE FITZGERALD LLP


By: /s/ John C. Kirke
John C. Kirke
Attorney for Plaintiff
8 VINI, INC.